UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 14, 2017

Ava Castanuela
14053 Spickler Road
Clear Spring, MD  20910

Gabriel R. Deadwyler
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

      RE:    *Ava Castanuela v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-3456

Dear Ms. Castanuela and Counsel:

      On October 17, 2016, Plaintiff Ava Castanuela petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment, in addition to arguments made by Ms. Castanuela's former attorney at the administrative hearing.[1] [ECF No. 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 4051(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Castanuela filed a claim for Disability Insurance Benefits ("DIB") on October 23, 2012, alleging a disability onset date of July 1, 2007. (Tr. 202-03). Her claim was denied initially and on reconsideration. (Tr. 84-93, 95-105). A hearing, at which Ms. Castanuela was represented by counsel, was held on February 19, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 62-83). Following that hearing, the ALJ determined that Ms. Castanuela was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 45-61). The Appeals Council denied Ms. Castanuela's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] On October 2, 2017, the Clerk's Office sent Ms. Castanuela a Rule 12/56 letter, advising her of the potential consequences of failing to oppose the Commissioner's dispositive motion. [ECF No. 24]. Ms. Castanuela did not file any response before the deadline.

The ALJ found that, through her date last insured of December 31, 2012, Ms. Castanuela suffered from the severe impairments of "affective disorder and anxiety disorder alternatively described as bipolar, depression, and/or agoraphobia." (Tr. 50). Despite these impairments, the ALJ determined that Ms. Castanuela retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant was further limited to simple, routine tasks that are not performed at a production rate pace. She could have occasional contact with the public, co-workers, and supervisors. Additionally, she was limited to work with no exposure to hazards such as moving mechanical parts or unprotected heights.

(Tr. 52). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Castanuela could not perform her past relevant work as a budget analyst, but could perform other jobs existing in significant numbers in the national economy. (Tr. 56-57). Accordingly, the ALJ determined that Ms. Castanuela was not disabled. (Tr. 57).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Castanuela's favor at step one, and determined that she had not engaged in substantial gainful activity between her alleged onset date and her date last insured. (Tr. 50); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Castanuela claimed prevented her from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ determined that a series of Ms. Castanuela's physical impairments were non-severe, because "they cause no more than minimally vocationally relevant limitations" and "were treated conservatively and entirely on an outpatient basis." (Tr. 50-51). However, after finding at least one of Ms. Castanuela's mental impairments severe, (Tr. 50), the ALJ continued with the sequential evaluation and considered, in assessing Ms. Castanuela's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Castanuela's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 51-52). In particular, because Ms. Castanuela alleged mental impairments, the ALJ applied the special technique for evaluation of such claims, using a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. 20 C.F.R. § 416.920a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in

two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. The ALJ determined that Ms. Castanuela had only moderate restriction in activities of daily living, social functioning, and concentration, persistence, or pace, and no episodes of decompensation. (Tr. 51-52). Therefore, the mental health listings were not met. The ALJ did not identify or evaluate any physical listings. Under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *see also Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Ms. Castanuela's RFC, the ALJ summarized her subjective complaints from her hearing testimony and written submissions. (Tr. 53). The ALJ then engaged in a detailed review of her mental and physical medical records. (Tr. 54-55). The ALJ noted that the substantive mental health documentation in the file "reflects that the claimant's symptoms were treated on an entirely conservative, routine, and outpatient basis." (Tr. 54). The treatment records in the file are from 2011-2012 (even though the alleged onset date was in 2007) and reflect relatively manageable symptoms and GAF scores indicating only mild overall limitations. *Id.* The ALJ further noted that Ms. Castanuela's RFC, in terms of her activities of daily living, does not suggest an inability to maintain employment. (Tr. 55). The ALJ afforded limited weight to evidence pertaining to a possible transient ischemic attack suffered by Ms. Castanuela in early 2013, since it post-dated her date last insured. *Id.* Finally, the ALJ assigned great weight to the opinions of the non-examining State agency physicians, who opined that Ms. Castanuela would be able to sustain "simple and routine tasks at a job site away from others and the public's demands." *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Castanuela's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported his conclusion with substantial evidence.

Next, relying on the VE's testimony, the ALJ determined that a person with Ms. Castanuela's RFC would not be capable of performing her past relevant work as a budget analyst, but could perform other jobs existing in significant numbers in the national economy. (Tr. 56-57). Accordingly, I find that the ALJ's determination must be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, (ECF No. 23), is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge